People v Sanders (2025 NY Slip Op 07111)

People v Sanders

2025 NY Slip Op 07111

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Higgitt, JJ. 

Ind No. 73907/23|Appeal No. 5401|Case No. 2024-01086|

[*1]The People of the State of New York, Respondent,
v
Rodney Sanders, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Rina Defrancesco of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Cori H. Weston, J.), rendered February 15, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him to three years of probation, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of striking the condition of probation prohibiting defendant "from wearing or displaying gang paraphernalia" or "having any association with a gang or members of a gang if directed by the Department of Probation," and the condition of probation requiring defendant pay the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim (see People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). In any event, we perceive no basis for reducing the sentence.
Defendant's challenges to certain conditions of probation under Penal Law § 65.10(1) survive his valid waiver of his right to appeal and do not require preservation (see People v Berkley, 241 AD3d 1167 [1st Dept 2025]). Regarding the condition of probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people," the court providently deemed this condition "reasonably necessary to [e]nsure that the defendant will lead a law-abiding life or to assist him to do so," given that defendant threatened two individuals with a firearm, and the police recovered a loaded firearm from defendant's apartment (Penal Law §§ 65.10[1], [2]; see People v Berkley, 241 AD3d at 1168; People v Lombard, 241 AD3d 1126, 1126 [1st Dept 2025]). However, the probation condition requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation" must be stricken because there is no evidence that defendant's actions were connected to gang activity or that he had a history of gang membership, and defendant unequivocally denied gang affiliation, rendering this condition neither reasonably related to his rehabilitation nor necessary to ensure that he leads a law-abiding life (see People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025]; Penal Law § 65.10[1]).
Defendant's valid waiver of his right to appeal forecloses review of his constitutional challenges to the probation conditions under the First Amendment and the vagueness doctrine of due process under the Fifth and Fourteenth Amendments (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]). In any event, the claims are unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review them in the interest of justice.
To the extent the court improperly imposed at sentencing payment of the surcharge and other fees as a condition of defendant's probation, we strike this condition as not reasonably related to his rehabilitation or necessary to ensure that he will lead a law-abiding life (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025